STATE EX REL. NEAL RUETZ *v.* LAGRANGE CIRCUIT COURT.
[No. 172S12. Filed April 18, 1972.]

Howard E. Petersen, of LaGrange, for relator.

Edward A. Chapleau, Deputy Prosecuting Attorney, of South Bend, for respondent.

GIVAN, J.—This is an original action filed by the relator asking this Court to issue a writ of mandate to the respondent court ordering the court to strike an order book entry to the effect that relator had waived his right to an appeal. Relator further asks that the trial court be mandated to grant an extension of time and the appointment of pauper counsel to perfect his appeal. This Court previously refused to grant the relief prayed by the relator.

The relator was tried in the respondent court on the charge of first degree murder. Jury trial resulted in a verdict of guilty on June 3, 1971. After being sentenced to the Indiana State Prison for life, the relator informed the respondent court that he desired to file a motion to correct errors. Sometime shortly after he had been sentenced, the relator escaped from the LaGrange County Jail and remained a fugitive from justice until September 27, 1971, when after having been captured he was brought back into the jurisdiction of the respondent court. During the time he was a fugitive, namely: on August 2, 1971, relator's attorney filed a motion to correct errors. This motion was overruled by the trial court on the ground that during the period in which the motion to correct errors could be filed under the rules of this Court the relator had escaped and absented himself from the jurisdiction of the court. On November 22, 1971, relator filed a motion to set aside the ruling or in the alternative to modify it. This motion was overruled by the respondent court.

It is relator's contention that he has a right to an appeal, which right cannot be waived. With this we do not agree. The right to appeal may certainly be waived and in many cases in fact those convicted do specifically waive their right to an appeal. In the case before us it is true the relator specifically stated immediately following his conviction that he desired to file a motion to correct errors, thus indicating to the trial court that he desired to take the preliminary steps required for the taking of an appeal. However, almost immediately after so informing the trial court the relator deliberately and unlawfully absented himself from the court's jurisdiction. This question was handled by this Court in the case of *Irvin* v. *State* (1956), 236 Ind. 384, 139 N. E. 2d 898; at page 391 this Court stated:

> "Most of the cases on the question which we have examined, base their decisions on waiver or estoppel.
> "They deal with situations where the appellant and defendant were still at large pending an appeal which apparently had been perfected, and errors properly assigned while he was still in custody. But be this as it may, the principle is the same whether the cause is pending on appeal or in the trial court during the absence of the defendant as a fugitive from its custody. If a prisoner escapes he is not entitled during the period he is a fugitive to any standing in court or to file any plea or ask any consideration from such court."

Following the above quote this Court cited numerous decisions from various jurisdictions, including Indiana, to support this proposition of law.

In the case at bar the relator was not within the jurisdiction of the court at the time his motion to correct errors was filed. The time permitted by the rules of this Court for the filing of such a motion had long expired at the time the relator was captured and returned to the jurisdiction of the court. Under the above authority, the relator had no standing in court during the period in which the motion to correct errors could be filed. By so voluntarily absenting

himself from the court's jurisdiction, the relator has effectively and knowingly waived his right to a timely appeal to this Court.

Relator classifies the holding of the respondent court as cruel and unusual judicial punishment for an act of escape. It is nothing of the kind. The ruling of the respondent court was merely a correct observation of the effect which relator's voluntary act of escape had upon his standing in court.

We hold the trial court was correct in so holding. The action of this Court heretofore taken denying the relator the relief prayed is, therefore, confirmed.

Arterburn, C. J., and Hunter and Prentice, JJ., concur; De-Bruler, J., dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—The appeal of Neal Ruetz will not be heard. He was convicted of First Degree Murder. On June 3, 1971, he was sentenced to life imprisonment. On June 5, 1971, he walked away from the LaGrange County Jail through an open garage door. He was captured and returned to the LaGrange County Jail on September 27, 1971. On August 2, 1971, during the absence of his client from custody, Neal Ruetz's lawyer filed a lengthy and timely motion to correct errors. On September 30, 1971, after Neal Ruetz had been returned to the Sheriff's custody in LaGrange County, the trial judge held an evidentiary hearing on the motion to correct errors, heard oral arguments, overruled the motion to correct errors and further ordered as follows:

"Court now finds that the defendant was sentenced on June 3, 1971; that his counsel filed a motion to correct errors on August 2, 1971; that from June 5, 1971, until September 27, 1971, the defendant was a fugitive from justice; and that the defendant having been a fugitive from justice during the statutory period for filing motion to correct errors in this cause he has waived his right to appeal, and his request for an appeal is now denied by the court."

This record does not show that the defendant voluntarily, knowingly and intelligently waived his constitutional and statutory right to appeal. This record shows that Neal Ruetz escaped from jail after being sentenced. The record does not disclose that he had any knowledge that the effect of breaking jail would be to forfeit his appeal rights. The majority is in error in inferring this waiver of a fundamental right from a silent record. This waiver flows from the belief of the majority that to find a forfeiture here is good "law" and not from the fact of a conscious choice by Neal Ruetz to relinquish his right to appeal. *Johnson* v. *Zerbst* (1937), 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461.

In addition, the majority mistakenly considers the case of *Irvin* v. *State* (1956), 236 Ind. 384, 139 N. E. 2d 898, to be controlling here. The obvious distinguishing feature in this case is that here the defendant was back in court at the time the trial court ruled on the motion to correct errors. His presence in court on that day satisfies the only arguably valid reason for the rule applied in *Irvin*, such reason being that it would be a futile or useless act to review such a case since the court would be powerless to enforce its determination. Since this defendant was back in court on the day his motion to correct errors was ruled on, that ruling of the trial court could be enforced and this Court's subsequent determination on appeal could be enforced.

What is particularly alarming about the majority view of this case, is that it erases the only semi-reasonable basis for the rule: namely, the nonenforceability of the determination made by the reviewing court, and leaves the rule supported by a single, unsupportable and specious ground, namely, that by escaping the defendant has demonstrated his defiance of the court's authority and law. If Neal Ruetz is guilty of the crime of breaking jail he may be lawfully convicted and punished for that offense. If he is guilty of contempt of court he may be convicted of that and punished. But this Court has no power to declare him to be defiant of the court's authority and law,

and to place him outside the protections offered every citizen by our Constitution to due process and equal protection of the law.

The Fourteenth Amendment prohibits just that:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive *any person* of life, liberty, or property, without due process of law; nor deny to *any person* within its jurisdiction the equal protection of the laws." (Emphasis added.)

The spirit of this provision of our Constitution is that no man in our society is so despicable, so evil, so corrupt, so depraved, that he may be imprisoned without due process of law. By closing this Court's doors to Neal Ruetz's appeal this Court will have sanctioned his imprisonment without affording him one of the most fundamental aspects of due process—his right to appeal.

In his motion to correct errors he alleged that there was insufficient evidence to support the finding; that evidence was admitted in violation of rights guaranteed him by the Fourth, Fifth and Sixth Amendments to the United States Constitution; and that he was unlawfully denied discovery rights. Many other errors are alleged. These allegations of error will remain nothing but unanswered questions. The appeal of Neal Ruetz will not be heard. I dissent.

NOTE.—Reported in 281 N. E. 2d 106.