**UNITED STATES of America,
Plaintiff,**

v.

**Anthony STANZIONE et al.,
Defendants.**

**No. S73 Cr. 994.**

United States District Court,
S. D. New York.

April 2, 1975.

Paul J. Curran, U. S. Atty., New York City, by John P. Cooney, Jr., Asst. U. S. Atty., S.D. of N.Y., New York City, of counsel, for plaintiff.

Albert Krieger, New York City, for defendant.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

The defendant Anthony Stanzione has moved to dismiss the above-entitled indictment on the grounds that the United States Attorney has been guilty of misconduct, or, at the very least, gross negligence in failing to disclose exculpatory material in the two prior trials of the defendant on this indictment. Stanzione is accused of conspiring with others to violate certain federal narcotics laws and with committing certain substantive crimes relating to such laws.

On January 20, 1975—just one week after the motion to dismiss was filed [1]—the defendant Stanzione failed to appear for trial of another case pending in this district against him, Indictment 74 Cr. 1082. A bench warrant was issued, and subsequently, Stanzione's bail was forfeited. On January 28, 1975, Stanzione failed to appear before this court for a pre-trial conference; at that time his bail was ordered forfeit in

---

1. For the purposes of this opinion, the court does not question that the defendant Stanzione "authorized" the filing of this motion although his counsel of record was not the counsel who submitted these papers. See United States v. Weinstein (2d Cir. 1975) 511 F.2d 622.

this matter. The defendant, who is being sought by federal law enforcement agencies, is currently a fugitive.

Defense counsel has contended that despite the fact the defendant is presently a fugitive, this court should exercise its discretion to hear and decide the pending motion to dismiss. We believe, however, that under the circumstances of this case, the motion should not be heard, and accordingly, the motion to dismiss will be denied, with leave to resubmit should defendant return to the jurisdiction of this court.

■ The Supreme Court has held, in the context of a review of a conviction upon appeal, that when a defendant flees in order to avoid punishment, this factor "disentitles the defendant to call upon the resources of the Court for determination of his claims." Molinaro v. New Jersey (1970) 396 U.S. 365, 366, 90 S. Ct. 498, 499, 24 L.Ed.2d 586. See, also, United States v. Sperling (2d Cir. 1974) 506 F.2d 1323, 1345 n. 33; United States v. Weinstein (2d Cir. 1975) 511 F.2d 622, 628; Brinlee v. United States (8th Cir. 1973) 483 F.2d 925.

The Supreme Court's reasoning in *Molinaro* applies equally to the case at bar. While, of course, defendant has not yet been convicted, until he is willing to submit his case for complete adjudication—win or lose—he should not be permitted to call upon the resources of the court for the determination of selective claims. Dawkins v. Mitchell (1970), 141 U.S.App.D.C. 213, 437 F.2d 646. As of now, defendant is willing to enjoy the benefits of a legal victory, but is not at all prepared to accept the consequences of an adverse holding. Apparently, if the motion to dismiss were to be denied on the merits, defendant would remain a fugitive from justice, making it impossible to bring his case to final resolution.

Under these circumstances, the motion to dismiss must be denied. If defendant should submit to the court's jurisdiction in the future, he may again press his legal claims.

So ordered.