**Quillian P. STRICKLAND,
Petitioner-Appellant,**

v.

**Joseph S. HOPPER, Warden, Georgia
State Prison, Respondent-Appellee.**

No. 77–2690
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 13, 1978.

J. Richard Young, Federal Defenders Program, Atlanta, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Daryl Robinson, Staff Asst. Atty. Gen., John Walden, Senior Asst. Atty. Gen., Robert S. Stubbs, II, Asst. Atty. Gen., Richard L. Chambers, First Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

GODBOLD, Circuit Judge:

Petitioner was tried, convicted, and sentenced in Georgia State court for burglary. Following his conviction and during the pendency of a motion for new trial petitioner escaped from custody. The trial court denied petitioner's motion for new trial on the ground that he was a fugitive from justice. Following his return to custody petitioner brought a federal habeas petition which alleged, among other things, that the introduction at trial of his previous convictions without sufficient precautionary instructions denied him a fair trial by involving these prior convictions in the ultimate determination of guilt or innocence. The federal habeas court declined to reach the merits of this particular claim on the ground that the claim had been raised in petitioner's motion for new trial and not

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

reached by the state court because of his fugitive status. The court ruled against petitioner on his other claims and, accordingly, denied habeas relief. Petitioner appeals.

■ In *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court recognized the federal habeas judge's discretion to deny relief to a petitioner who has deliberately bypassed the orderly procedure of the state courts and in so do doing forfeited his state court remedies. The district court did not err in concluding that petitioner's escape during the pendency of his motion for new trial constituted a deliberate by-pass. Even though his action was uncounseled, in a very practical sense petitioner knowingly abandoned the privilege of seeking in state court to vindicate his federal claims. The district court was within its discretion in denying habeas relief.

■ Moreover, the state's practice of dismissing a motion for new trial because of a prisoner's fugitive status serves a legitimate concern. When a prisoner is not subject to the court's jurisdiction, the court cannot enforce its orders on him. A state rule of procedural default that serves legitimate concerns can be recognized in a federal habeas proceeding. *See Estelle v. Williams,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); *St. John v. Estelle,* 544 F.2d 894 (CA5, 1977).

The district court properly disposed of petitioner's other claims.

AFFIRMED.