668 F.2d 154
 Henry BARKER, Plaintiff-Appellant,
v.
Everett JONES, Correctional Superintendant, Great Meadow
Correctional Facility, Comstock, New York, and
Robert Abrams, Attorney General for the
State of New York, Defendants-Appellees.
 No. 345, Docket 81-2145.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 3, 1981.
Decided Jan. 4, 1982.
 
 Chester L. Mirsky, New York City (Washington Square Legal Services, Inc., New York City, of counsel), for plaintiff-appellant.
 Michael J. Halberstam, Asst. Dist. Atty., Brooklyn, N. Y. (Eugene Gold, Dist. Atty., Brooklyn, N. Y., of counsel), for defendants-appellees.
 Before OAKES and MESKILL, Circuit Judges, and POLLACK, District Judge.*
 OAKES, Circuit Judge:
 
 
 1
 Appellant Henry Barker appeals from the denial of his petition for a writ of habeas corpus by the United States District Court for the Eastern District of New York, Edward R. Neaher, Judge, Barker v. Jones, 511 F.Supp. 527 (E.D.N.Y.1981). Barker escaped from custody on August 13, 1975 after his New York State conviction on a guilty plea to felony murder had resulted in a sentence of fifteen years to life imprisonment. The sole question is whether his escape, followed by dismissal of his direct appeal to the Appellate Division on December 5, 1977, prior to his arrest and extradition from Florida in January of 1978, bars his section 2254 petition.[1] Following the analysis in Forman v. Smith, 633 F.2d 634, 639-40 (2d Cir. 1980) (the "cause and prejudice" standard bars federal habeas review of a Sixth Amendment claim not included among issues raised on direct appeal), cert. denied, 450 U.S. 1001, 101 S.Ct. 1710, 68 L.Ed.2d 204 (1981), and particularly Forman's emphasis on comity and accuracy in view of the time lapse after the constitutionally challenged conduct had occurred, the district court held that the petition must be denied. We affirm.
 
 
 2
 As stated in Estelle v. Dorrough, 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975) (per curiam), "(d)isposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principal of American law." For example, in Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam), the Court itself dismissed the appeal of an escaped criminal defendant. Our Circuit has in a number of cases done the same, see, e.g., United States v. Sperling, 506 F.2d 1323, 1345 n.33 (2d Cir. 1974), cert. denied, 420 U.S. 962, 95 S.Ct. 1351, 43 L.Ed.2d 439 (1975), as have others, see, e.g., Brinlee v. United States, 483 F.2d 925 (8th Cir. 1973) (per curiam).
 
 
 3
 The case does not end here, however. As the Seventh Circuit pointed out in Ruetz v. Lash, 500 F.2d 1225, 1229-30 (7th Cir. 1974), the underlying rationale of the cases holding that it is not a denial of due process for a state court to dismiss the appeal of an escapee is that the order and judgment are unenforceable because the appellant has placed himself beyond the control of the court. When an appellant has been returned to the jurisdiction of the court before the appeal is dismissed, however, he has not necessarily lost his rights; the per se dismissal rule does not apply. Applying the "deliberate bypass" standard of Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963), Ruetz held that as a matter of law escape was not in that case a deliberate bypass of state remedies. Ruetz was decided before Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) ("cause and prejudice" standard applied). After Wainwright, however, the same result was reached in Brinlee v. Crisp, 608 F.2d 839, 856-57 (10th Cir. 1979), cert. denied, 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980), in which the Oklahoma Court of Criminal Appeals dismissed the appeal while the appellant was still a fugitive and hence there was no denial of due process. Nevertheless, the Tenth Circuit, in a tenebrous opinion, finding that Wainwright was not controlling in these circumstances, held that the appellant was not foreclosed from raising his federal habeas claims because his escape was not a "deliberate bypass" of state procedures. The court therefore reached the merits of the escapee's federal claim, 608 F.2d at 857. On this basis the only claims that would be waived by a state escapee who was returned to custody would be his state claims. If we were to follow Brinlee v. Crisp, we might have to reverse.
 
 
 4
 Our court has not, however, adopted such a view of Wainwright v. Sykes. In Forman v. Smith, 633 F.2d at 638, the panel applied the "cause and prejudice" standard of Wainwright to hold that the habeas petitioner forfeited (as opposed to waived) his right to raise a Sixth Amendment claim by not asserting it in his state-court appeal. The court expressly left open for decision whether Fay v. Noia and the deliberate-bypass standard still apply where, as here, the procedural default eliminates an entire stage of court proceedings. See 633 F.2d at 640 n.8.
 
 
 5
 We need go no further, however, than to decide this case on its own narrow facts. It may be that for a period of time there was not a knowledgeable waiver on Barker's part because he thought he had no legal basis for an appeal and did not know that he could have raised an affirmative defense, having, he claims, been misled by his counsel. Had dismissal occurred during that period of time and had appellant returned to the jurisdiction voluntarily or involuntarily, Brinlee or Ruetz might be applicable. But here Barker escaped on August 13, 1975, and did not return until he was arrested in and extradited from Florida in January of 1978. The Appellate Division did not dismiss his appeal until December 5, 1977. Under these circumstances, particularly in the lapse of time involved, we hold, as did Judge Neaher, that as a matter of law Barker forfeited or deliberately bypassed his rights. See also Strickland v. Hopper, 571 F.2d 275, 276 (5th Cir.), cert. denied, 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1978). The lapse of time is one of the factors referred to both in Wainwright v. Sykes, 433 U.S. at 88-90, 97 S.Ct. at 2507-2508, and in Forman, 633 F.2d at 640. Our case is closer for the appellant than is Forman and we by no means lay down a blanket rule that in all circumstances escape constitutes per se forfeiture. We say only that the escape, coupled with a time lapse of this duration and dismissal of the state court appeal, without voluntary return to the jurisdiction, operates to result in forfeiture or waiver under any applicable standard of habeas review.
 
 
 6
 Judgment affirmed.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation
 
 
 [1]
 On the merits, appellant argues that his trial counsel's failure to discuss, investigate, or raise a statutory defense (lack of reasonable ground to believe his fellow robber was armed or intended to engage in conduct likely to result in injury, N.Y.Penal Law § 125.25(3)), vitiates the constitutionality of his plea