Arthur James LEWIS,
Petitioner-Appellant,

v.

Jack R. DUCKWORTH, Warden, Indiana
State Prison, Respondent-Appellee.

No. 81–1139.

United States Court of Appeals,
Seventh Circuit.

Argued March 2, 1982.

Decided June 11, 1982.

Herbert L. Zarov, Friedman & Koven, Chicago, Ill., for petitioner-appellant.

Charles N. Braun, II, Deputy Atty. Gen., Linley E. Pearson, Atty. Gen., Indianapolis, Ind., for respondent-appellee.

Before BAUER, CUDAHY and POSNER, Circuit Judges.

POSNER, Circuit Judge.

We consider in this case a claim that the State of Indiana denied an indigent criminal defendant a free transcript of the trial record for use in appealing his conviction and refused to appoint counsel to assist him in his appeal, thereby violating his rights under the due process and equal protection clauses of the Fourteenth Amendment.

Arthur James Lewis was convicted of second-degree murder for killing a sheriff who was trying to prevent him from escaping from jail. On September 26, 1968, he was sentenced to life imprisonment. He had until January 22, 1969, to file a notice of appeal. On November 18 he moved for a transcript and for appointment of counsel on appeal. The same day he escaped from prison. He was not returned to the prison until May 31, 1969. His motion for a transcript and appointment of counsel had been denied, because of his fugitive status, on November 27, 1968. No notice of appeal was ever filed.

In 1970 Lewis filed a petition for postconviction relief in the Indiana courts, asking for a belated appeal of his conviction. The

petition was denied; the Supreme Court of Indiana affirmed the denial *sub nom. Lewis v. State*, 268 Ind. 398, 375 N.E.2d 1102 (1978); and Lewis then filed a petition for federal habeas corpus. It too was denied and this appeal followed.

Under Indiana law a fugitive is not permitted to perfect an appeal from his conviction until he is returned to custody, so that if he is not returned until the deadline for perfecting the appeal has passed he cannot appeal at all. See, e.g., *Irvin v. State*, 236 Ind. 384, 139 N.E.2d 898 (1957). That was Lewis's situation if he was a fugitive on January 22, 1969, as everyone thought until shortly before this appeal was argued. The Supreme Court has repeatedly upheld this type of rule against constitutional challenge, most recently in *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975). Since the rule is valid, Lewis's complaint about being denied a transcript and appointed counsel, both of which he wanted purely for purposes of appealing his conviction, is moot. No appeal could have been perfected while he was a fugitive, no matter how many lawyers had been representing him.

It is true that in *Ruetz v. Lash*, 500 F.2d 1225 (7th Cir. 1974), this court refused to apply the Indiana rule to the following facts. Ruetz had, through appointed counsel, filed a timely motion that was a prerequisite to appeal, but then he had decamped, and although he was returned to custody before the state court ruled on his motion, that court denied the motion because he had been a fugitive for part of the time that it was pending. This court held that in these circumstances Ruetz had not waived, and therefore could not constitutionally be denied, his right under state law to appeal his conviction.

*Ruetz* may no longer be good law even if one accepts the proposition, fundamental to *Ruetz*, that it is unreasonable for the state to deny an appeal to anyone who has not waived his right to appeal; for the court in *Ruetz* used the very narrow definition of waiver ("deliberate bypass") that the Supreme Court had adopted in *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), see 500 F.2d at 1228–29, and this definition was rejected several years after the *Ruetz* decision, in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). The basic premise of the *Ruetz* decision—that waiver is the only constitutionally permissible basis for denying an appeal that is otherwise a matter of right— is also shaky. One year after *Ruetz* was decided, the Supreme Court in *Estelle v. Dorrough, supra*, upheld a Texas rule rather similar to that involved in *Ruetz*. The Texas rule provided for automatic dismissal of any pending appeal if the criminal defendant escaped from custody, even if he was returned to custody almost immediately. This is not identical to but has the same effect as the Indiana rule involved in *Ruetz* and in the present case. More important, it shows that failure to comply with state procedural requirements can work a forfeiture of state procedural rights even when there is no conscious or deliberate waiver. *Wainwright*, decided after *Estelle v. Dorrough*, and the cases following *Wainwright*, notably the Supreme Court's very recent decision in *Engle v. Isaac*, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), reinforce this proposition, which undermines the authority of *Ruetz*.

*Ruetz* is in any event factually distinguishable, because Ruetz was returned to custody before his motion that was a prerequisite to appeal was acted on by the state court. This created a question (though in light of *Estelle v. Dorrough* perhaps not a serious question) of the strength of the state's interest in denying him an appeal. We thought that Lewis, unlike Ruetz, had not been returned to custody before his time to appeal had run. But now he has filed with us a supplemental memorandum that alleges that he was returned to custody in Los Angeles, California on January 1, 1969, so that on January 22, the last day on which he could have filed an appeal from his conviction, he was sitting in a jail in Los Angeles; he was not a fugitive from justice as everyone had thought. The state has not replied to the supplemental

memorandum, so for purposes of this appeal we shall accept as true the facts alleged in it, though we think it odd that it should have taken Lewis 13 years to remember where he was on the crucial day. At all events Lewis argues that these facts bring him squarely within the rule of *Ruetz*, because he was returned to custody before the time to appeal ran out, just as Ruetz had been.

 If this is a distinct claim from the claim he presented in his state postconviction proceeding, then he has failed to exhaust his state remedies and, under the Supreme Court's recent decision in *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), we would have to dismiss the petition for habeas corpus in its entirety. But we do not think it is a distinct claim. The claim remains failure to provide Lewis with a transcript and appointed counsel; what is new is a factual allegation designed to make the claim a more appealing one. So we can reach the merits. But we do not think that the fact, if it is a fact, that Lewis was in jail rather than a fugitive when the time to appeal ran out helps him. That is not the critical time in this case. All Lewis is complaining about is the state court's denial on November 27, 1968, of his motion for a free transcript and for appointment of counsel. We do not see how that denial can be thought to violate Lewis's constitutional rights just because several months later he would be returned to custody, albeit in a different state. The motion was properly denied on the basis of the facts as they existed then.

The denial of the petition for habeas corpus is

Affirmed.