**George FEIGLEY, a/k/a George Stoctay, Appellant,**

v.

**Thomas FULCOMER, Superintendent, and Leroy Zimmerman, Attorney General.**

**No. 87–5279.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 26, 1987.

Decided Nov. 12, 1987.

Todd B. Narvol, Deputy Dist. Atty., Harrisburg, Pa., for appellee.

Allen C. Welch, Asst. Public Defender of Dauphin County, Harrisburg, Pa., for appellant.

Before GIBBONS, Chief Judge, HIGGINBOTHAM and SCIRICA, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Chief Judge:

George Feigley, a Pennsylvania state prisoner, appeals from a judgment dismissing his petition for a writ of habeas corpus. The petition raises a double jeopardy claim which, Feigley contends, was duly presented to the Pennsylvania courts. The district court dismissed the petition on the ground that by escaping from prison during the pendency of a Pennsylvania post-conviction petition in which his double jeopardy claim was raised, Feigley waived the opportunity to have that claim considered. We affirm.

### I.

In 1975 Feigley was convicted on several counts growing out of sexual acts with young girls. He was sentenced to two consecutive sentences of five to ten years; an aggregate of ten to twenty years. In February of 1976, the state trial court modified the sentence to two consecutive three and one-half to ten year terms; an aggregate of seven to twenty years. Thereafter, on May 5, 1976, the state trial court vacated the order modifying the sentences, thus reinstating the initial sentences aggregating ten to twenty years. The May 5, 1976 order is challenged on double jeopardy grounds. At issue is Feigley's eligibility for parole after serving seven rather than ten years.

Following the entry of the May 5, 1976 order, Feigley filed several pro se post-conviction relief petitions in the state trial court, at least one of which presented his double jeopardy claim. While those petitions were pending, on July 2, 1976, Feigley escaped from prison. Upon learning of Feigley's escape, the state trial judge dismissed his post-conviction relief petitions on the ground that, under Pennsylvania law, an escape from confinement disentitles the defendant to call upon the resources of the court of adjudicate his claims.

Feigley remained at large until March 5, 1979. Thereafter he filed in the state trial court several petitions under the Pennsylvania Post Conviction Hearing Act, one or more of which sought adjudication of the double jeopardy claim. On July 15, 1986 the state trial court dismissed these petitions on the ground that having escaped from prison while his earlier petitions were pending, Feigley had waived his right to pursue the claims they presented. The last of these summary dismissals was appealed to the Superior Court of Pennsylvania, which affirmed. The Superior Court relied on the same ground as the trial court: Feigley's escape was a waiver of his right to challenge the legality of his sentence. *Commonwealth v. Feigley*, 360 Pa.Super. 620, 517 A.2d 200 (Pa.Super.1986).

On October 23, 1986, Feigley filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. The district court, by order dated March 27, 1987, dismissed the petition on the ground that by escaping from prison in 1976 Feigley had waived his right to present his double jeopardy claim to the state courts, and that this deliberate waiver bars federal habeas corpus relief. On April 27, 1987 Feigley filed a timely notice of appeal and subsequently the district court granted a certificate of probable cause for appeal.

### II.

Feigley does not dispute that under Pennsylvania law an escape is deemed a procedural waiver of the right to seek relief from the Pennsylvania courts. *See Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984); *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976). Moreover, a challenge to the constitutionality of this Pennsylvania procedural rule on procedural due process grounds is not open to Feigley since dismis-

sals of escaped prisoners' appeals has been a practice long approved by the Supreme Court. *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975); *Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 498–99, 24 L.Ed.2d 586 (1970). *See also Government of the Virgin Islands v. James,* 621 F.2d 588 (3d Cir.1980). This rule on the effect of an escape as a procedural bar to an appeal has been applied, as well, to habeas corpus petitions challenging deportation orders. *Arana v. United States Immigration and Naturalization Service,* 673 F.2d 75 (3d Cir.1982).

Feigley contends, and rightly so, that a valid state law procedural bar to the consideration by state courts of a federal claim does not necessarily bar federal habeas corpus relief. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Habeas corpus relief depends upon whether the petitioner can satisfy the federal tribunal, applying a federal law standard, that the procedural default should be disregarded. The question presented, which is a matter of first impression in this court, is whether a prisoner who escaped and was recaptured has satisfied the federal standard for disregarding the state law procedural bar.

While it is possible that the "deliberate bypass" standard of *Fay* may continue to be the appropriate federal standard to be applied to some limited class of procedural defaults, this court has applied the "cause and prejudice" standard announced in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and *Wainright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed. 2d 594 (1977) to the procedural default of an untimely state collateral attack on a conviction. *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435 (3d Cir.1982). If the state's interests in refusing to consider a late collateral attack warrant the more deferential standard of "cause and prejudice," surely the state's interests in refusing to hear the claims of one who has indicated by his action an intention not to accept a court's judgment of those claims do as well.

There can be no serious argument that an escape by a prisoner seeking relief from a state court is usually a knowing decision by the prisoner that he will not abide by the outcome of that court's lawful processes. Thus is it unlikely that a prisoner will ever be able to show cause for such a procedural default. One can, perhaps, conceive of extraordinary circumstances—the Devil's Island scenario, for example—in which conditions of confinement might be so unusually inhumane that an escape could be viewed in another light. No such circumstances are alleged by Feigley. Since he has presented nothing to suggest any cause for his escape, he has not met the requirement of showing cause for his state law procedural default.

In so holding, we join the other courts of appeals which have held that federal habeas corpus review is unavailable to a petitioner where state courts have determined that his escape waived the right to seek post-conviction relief. *Hall v. Alabama,* 700 F.2d 1333, 1337 (11th Cir.), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *Strickland v. Hopper,* 571 F.2d 275 (5th Cir.1978), *cert. denied,* 439 U.S. 842, 99 S.Ct. 135, 58 L.Ed.2d 141 (1978); *see also Barker v. Jones,* 668 F.2d 154 (2d Cir.1982) (refusing to set down "blanket rule" but holding that in circumstances of particular case, including the length of time petitioner was a fugitive, federal habeas review was precluded regardless of what standard was applied).

We disagree with the contrary decisions of the Courts of Appeals for the Seventh and Tenth Circuits. *See Brinlee v. Crisp,* 608 F.2d 839 (10th Cir.1979) (escape not a "deliberate bypass" under *Fay* ), *cert. denied* 444 U.S. 1947, 100 S.Ct. 737, 62 L.Ed. 2d 733 (1980); *Ruetz v. Lash,* 500 F.2d 1225 (7th Cir.1974) (same). First, the Court of Appeals for the Seventh Circuit has questioned the continued viability of *Ruetz* in light of *Wainwright* and *Engle, see Lewis v. Duckworth,* 680 F.2d 508 (7th Cir.1982), while the *Brinlee* opinion, issued after *Wainwright,* has appropriately been described as "tenebrous." *Barker,* 668 F.2d at 155. Both decisions rely on the "deliber-

ate bypass" standard which, for the reasons stated above, this court rejects in favor of the "cause and prejudice" standard.

Moreover, even if we were to apply the "deliberate bypass" standard, we could not agree that an escape is not a deliberate bypass of state procedures. Indeed, we find it difficult to imagine a more obvious instance of deliberately bypassing the state court than an escape.

Feigley raises one issue which, he contends, puts his case in a different posture than that presented in the *Hall* and *Hopper* cases. He contends that under Pennsylvania law at the time of his escape a prisoner could expect to have his claims considered in a new petition upon his return to custody. *See Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975). After his escape, the Pennsylvania court in *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984), modified the *Galloway* rule. We need not speculate about the nuances of difference between *Galloway* and *Passaro*, however, because for purposes of the *Wainright v. Sykes* cause and prejudice inquiry those nuances are irrelevant. Feigley does not contend that he escaped with an intention to return in the future and in reliance on *Galloway* resubmit his claims to the Pennsylvania courts. Moreover, even applying the "deliberate bypass" standard, it is not necessary that the petitioner have knowledge of the precise impact of his decision to escape. It is enough that he obviously knew that by attempting an escape which he hoped would be permanent, he was deliberately bypassing the entire legal system. "Even though his action was uncounselled, in a very practical sense petitioner knowingly abandoned" the state court's adjudication of his federal claims. *Hopper*, 571 F.2d at 276.

The judgment appealed from will therefore be affirmed.