## In re Suzanne REYNARD, a/k/a Margaret Nelson, Appellant.

### No. 90–FM–1097.

District of Columbia Court of Appeals.

Nov. 30, 1992.

Janell M. Wolfe, Arlington, Va., appointed by the court, was on the brief, for appellant.

John Payton, Corp. Counsel, Charles L. Reischel and Janet L. Maher, Deputy Corp. Counsel, and Constance M. Tuck, Asst. Corp. Counsel, Washington, D.C., were on the motion to dismiss.

Before TERRY and KING, Associate Judges, and KERN, Senior Judge, in chambers.

TERRY, Associate Judge:

On July 10, 1990, appellant Reynard was involuntarily hospitalized at Saint Elizabeths Hospital as an emergency patient pursuant to D.C.Code § 21–521 (1989). The next day, July 11, the Chief Clinical Officer at Saint Elizabeths filed a petition under D.C.Code § 21–523, seeking to extend appellant's stay at the hospital for emergency observation for not more than seven days. The trial court granted that petition later the same day. Before the seven days expired, the hospital filed a petition for judicial hospitalization (civil commitment), thereby retaining detention authority over appellant under D.C.Code § 21–528.

Appellant requested a probable cause hearing under D.C.Code § 21–525. At the

beginning of that hearing, appellant's counsel moved to dismiss the civil commitment petition on two grounds, but the court, after careful consideration, denied the motion. A hospital psychiatrist was then called to testify about appellant's mental condition. After the court ruled that the psychiatrist would be accepted as an expert witness, the hearing was recessed for lunch.

During the luncheon recess, appellant eluded the hospital staff and fled from the courthouse; the hearing, consequently, was suspended. The hospital later obtained an order for appellant's return under D.C.Code § 21–592, but she never returned to the hospital, either voluntarily or involuntarily. Eventually the hospital discharged appellant from its rolls and withdrew its petition for civil commitment after learning that she was being treated in a mental hospital in Georgia and did not wish to return to the District of Columbia.

■ Despite her unauthorized absence from the hospital, appellant filed a notice of appeal *pro se.* Now, through appointed counsel, she argues in her brief that the motion to dismiss should have been granted. In response to the brief, the hospital has moved to dismiss the appeal because of appellant's flight. We grant the motion. *See Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (dismissing criminal appeal after appellant became a fugitive); *United States v. Parrish,* 281 U.S.App.D.C. 116, 887 F.2d 1107 (1989) (dismissing criminal appeal following recapture of appellant who fled before sentencing and remained a fugitive for several years); *Dawkins v. Mitchell,* 141 U.S.App. D.C. 213, 437 F.2d 646 (1970) (affirming dismissal of suit by fugitives to enjoin enforcement of warrant); *cf. Ragsdale v. Cameron,* 117 U.S.App.D.C. 278, 279, 329 F.2d 233, 234 (1963) (dismissing habeas corpus appeal of mental patient who had "effectuated his own release by escaping from St. Elizabeths Hospital").

■ In *Molinaro v. New Jersey,* which has become the leading case on this issue, the Supreme Court explained its decision thus:

No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

396 U.S. at 366, 90 S.Ct. at 498. Although the case at bar is a civil mental health case and not a criminal case, we think the same rationale applies here. After all, appellant did escape from detention, and her flight disrupted "the orderly operation of the judicial processes within which defendants should press their claims." *United States v. Persico,* 853 F.2d 134, 138 (2d Cir.1988). *Mutatis mutandis,* we conclude that this case falls well within the boundaries of *Molinaro,* and that appellant is "disentitle[d] ... to call upon the resources of the Court for determination of [her] claims." 396 U.S. at 366, 90 S.Ct. at 498.

It is clear from *In re S.H.,* 570 A.2d 814 (D.C.1990), that dismissal is not mandatory whenever an appellant becomes a fugitive. Indeed, in *S.H.* we exercised our discretion not to dismiss the appeal "on the particular facts of this case," *id.* at 817, which included the fact that the appellant had twice escaped but twice been recaptured, as well as the lack of any assertion by the appellee that it would suffer prejudice if the case had to be retried. At the same time, we recognized that dismissal of the appeal of an escaped prisoner "is a longstanding and established principle of American law," *Estelle v. Dorrough,* 420 U.S. 534, 537, 95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975), and that "an appellate court acts within its discretionary powers in refusing to consider or to reinstate the appeal even if the appellant later returns to the jurisdiction and comes once again within the power of the court." *In re S.H., supra,* 570 A.2d at 816. *S.H.* cannot be read as giving to an appellant any right not to have his or her appeal dismissed after becoming a fugitive. The rationale in favor of dismissal is made

**1264**

very clear in *Molinaro, Parrish, Persico,* and the numerous other cases cited at pages 815–816 of the *S.H.* opinion. At most, *S.H.* permits a fugitive appellant to invoke the court's discretion *not* to dismiss the appeal, provided there are "particular facts" [1] which would justify keeping the case on the court's docket.

On the authority of *Molinaro v. New Jersey,* we dismiss this appeal on the ground of appellant's fugitivity.[2]

*Appeal dismissed.*

---

1. *In re S.H., supra,* 570 A.2d at 817.

2. An additional reason for dismissing the appeal may well be that the denial of the motion to dismiss the civil commitment petition is not a "final order" or an appealable interlocutory or- der. *See* D.C.Code § 11–721(a)(1)–(2) (1989). In view of our decision to dismiss on another ground, however, we need not consider this point.