Filed May 28, 1884.

———————◆———————

No. 11,563.

## SARGENT v. THE STATE.

CRIMINAL LAW.—*Escaped Convict.*—*Dismissal of Appeal.*—*Supreme Court.*— When it is shown to the Supreme Court that an appeal there pending is prosecuted in the name of a convicted defendant, who has escaped from legal custody and is at large, the appeal will be dismissed.

From the Fulton Circuit Court.

*I. Conner*, for appellant.

*F. T. Hord*, Attorney General, *E. C. Martindale*, Prosecuting Attorney, *W. B. Hord* and *W. W. McMahan*, for the State.

HOWK, J.—In this case the appellant, Sargent, was indicted, tried by a jury, and found guilty of the felony which is defined in section 1935, R. S. 1881. Over his motions for a new trial and in arrest of judgment, the court adjudged in accord-

ance with the verdict, on the 1st day of March, 1884, that he, George M. Sargent, be confined in the State prison north for the term of two years; that he be disfranchised and rendered incapable of holding any office of trust or profit for the space of two years; and that he pay to the State of Indiana a fine in the sum of $20, and the costs of this prosecution. On the same day he prayed an appeal to the Supreme Court, which was granted, and sixty days were given him in which to prepare and file his bill of exceptions. This bill was accordingly signed by the judge, and filed on the 13th day of March, 1884, and within the time given.

On the 2d day of April, 1884, the record of this cause and an assignment of errors endorsed thereon, in the name of George M. Sargent as appellant, were filed in this court.

The first matter which requires our attention in this case is the motion of the attorney general, on behalf of the State, to dismiss the appeal. This motion is founded on an affidavit, in substance, as follows:

" William T. Butler, being duly sworn, says that he is now, and has been for more than three years last past, the sheriff of said Fulton county, Indiana; that, as such sheriff, he had charge of the above named defendant, George M. Sargent, who was, at the February term of said Fulton Circuit Court, convicted of receiving stolen goods and was duly sentenced by the court to be confined in the State prison north for the space of two years; that, on the 4th day of March, the clerk of said Fulton Circuit Court issued and delivered to him, as such sheriff, an order to take said George M. Sargent to said prison; that, on the 11th day of March, 1884, while this affiant was preparing to take said Sargent to said prison, the said George M. Sargent escaped and has never been seen by this affiant or by any of his deputies; that he never has been confined in said prison, under said order, and that he, the said George M. Sargent, is now at large as an escaped convict."

This affidavit was subscribed and sworn to, on the 18th

day of April, 1884, and it and the motion of the attorney general were filed in this court, on the 22d day of April 1884.

The question presented for decision, by the motion of the attorney general on behalf of the State, in this case, is a new one in this court; although the like question has often been considered and decided by other courts of last resort. It will be observed that it is shown by the affidavit of the sheriff of Fulton county, upon which the motion to dismiss is founded, that the appellant, Sargent, escaped from his custody on the 11th day of March, 1884, and is at large as an escaped convict. He was not, therefore, in the custody or under the control of the trial court or its officers, at the time the bill of exceptions appearing in the record was signed and filed on the 13th day of March, 1884, or at the time notice of this appeal was served, as required in section 1887, R. S. 1881, on the clerk and prosecuting attorney on the 12th and 13th days of March, 1884, respectively. The appellant's attorney on the trial of the cause, in the circuit court, has appeared to the motion filed by the attorney general, in this court; but he has not attempted to controvert any of the facts stated in the affidavit, upon which such motion is founded. It must be taken as true, therefore, that the defendant, Sargent, before and at the time this appeal was attempted to be taken, was and still is at large as an escaped convict, and that such attempted appeal, though nominally taken by him and in his name, was in fact taken by the attorney who appeared for and represented him during the progress of the cause in the court below.

His attorney relies upon the provisions of section 1881, R. S. 1881, as fully authorizing this appeal. In that section it is provided as follows: "An appeal to the Supreme Court may be taken by the defendant as a matter of right, from any judgment in a criminal action against him, in the manner and in the cases prescribed herein; and, upon the appeal, any

decision of the court or intermediate order made in the progress of the case may be reviewed."

Doubtless, this is the law; and if the defendant in this case had remained in the custody of the law, he might have prosecuted this appeal, and had the judgment of the court and all intermediate orders against him reviewed by this court. But he can not unlawfully escape from the custody of the law, and, while he is at large as an escaped convict, claim the right to have an appeal prosecuted in his name, and thus obtain a review by this court of the judgment and orders against him, in the trial court. It may well be doubted, we think, whether this appeal was legally taken in the name of the defendant, Sargent, when it appears, as it does, that all the steps required by the statute, in taking an appeal in a, criminal action, were taken in this case after his escape from the custody of the law. Section 1887, R. S. 1881. But, waiving this point, we are convinced that it is no part of our duty, as an appellate court, to entertain the appeal of the defendant, Sargent, in this case, and review the decision and orders or rulings, of which he complains, while he is at large as an escaped convict. In the language of Chief Justice WAITE, in *Smith* v. *United States*, 94 U. S. 97, we may say, in the case in hand, of the defendant, Sargent: "If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case."

It is the constitutional right of the accused, in all criminal prosecutions, "to be heard by himself and counsel;" but it must be held, we think, that he has no right to appear by counsel alone, after he has escaped from lawful custody and is at large. Such has been the uniform holding of the courts of ·last resort in other jurisdictions, and it meets our full approval. *Sherman* v. *Commonwealth*, 14 Grat. 677 ; *Leftwich* v. *Com.*, 20 Grat. 716 ; *Commonwealth* v. *Andrews*, 97 Mass. 543 ;.

*People* v. *Genet*, 59 N. Y. 80 (17 Am. R. 315); *Queen* v. *Caudwell*, 17 Q. B. 503; *People* v. *Redinger*, 55 Cal. 290 (36 Am. R. 32).

The motion of the attorney general, on behalf of the State, to dismiss the appeal in this case, ought to be and must be sustained.

The appeal is dismissed, with costs.

Filed June 4, 1884.