## DOREN *v*. STATE OF INDIANA.

[No. 22,556. Filed March 12, 1914.]

1. CRIMINAL LAW.—*Appeal.*—*Stay of Proceedings.*—*Failure to Perfect Appeal.*—Where, following conviction, defendant gave notice of appeal and filed a proper bond, but failed to perfect the appeal within the time prescribed by law, the appeal bond became ineffective as a stay of execution. p. 315.

2.  CRIMINAL LAW.—*Right to Prosecute Appeal.*—*Fugitives From Justice.*—Where appellant in a criminal case absents himself from the custody of the State and from its jurisdiction, and becomes a fugitive from justice, he cannot prosecute his appeal.  p. 316.

From Criminal Court of Marion County; *John W. Holtzman,* Special Judge.

Prosecution by the State of Indiana against Fred Doren. From a judgment of conviction, the defendant appeals. *Appeal dismissed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

ERWIN, J.—This is an appeal from a judgment of conviction for the crime of embezzlement.  The Attorney-General has moved to dismiss the appeal on the grounds that the appellant is now and has been for a long time prior to March 4, 1914, a fugitive from justice and not within the State and that his whereabouts are unknown, and in support of the motion files his own affidavit, the affidavit of the prosecuting attorney of Marion County, and also the affidavit of a deputy sheriff of said county.  The attorneys for appellant have appeared to this motion to dismiss and have filed a brief in which they contend that the original bond given in this case has the effect to stay proceedings and authorizes the court to hear and determine this cause on its merits.  They do not deny the allegation of the Attorney-General that appellant has become and still is a fugitive from the State.

On November 27, 1912, the judgment of conviction was entered in this case in the Marion Criminal Court.  On said date the defendant, appellant, gave notice of appeal to this court as provided by law, and a bond was filed with surety to the approval of the judge of the trial court, but no appeal was perfected under said notice. On November 24, 1913, the attorneys for appellant again

served notice on the prosecuting attorney of Marion County that he would appeal to this court, but no bond was filed, either with the trial court or this court.   Where an appeal is taken and a bond filed, and appellant fails to perfect his appeal within the time provided by law, his appeal bond becomes ineffective as a stay of execution.   *Hadley* v. *Hill* (1881), 73 Ind. 442, 448; *McKinney* v. *Hartman* (1895), 143 Ind. 224, 42 N. E. 681; *Lake Erie, etc., R. Co.* v. *Watkins* (1901), 157 Ind. 600, 603, 62 N. E. 443.

Where appellant in a criminal case absents himself from the custody of the State and from its jurisdiction, and becomes a fugitive from justice, he cannot prosecute his appeal.   *Sargent* v. *State* (1884), 96 Ind. 63, and cases cited; *Southerland* v. *State* (1911), 176 Ind. 493, 96 N. E. 583; *Commonwealth* v. *Andrews* (1867), 97 Mass. 543.

The motion of the Attorney-General, on behalf of the State, to dismiss the appeal in this case ought to be sustained.   The appeal is dismissed.

NOTE.—Reported in 104 N. E. 500.   See, also, under (1) 2 Cyc. 909; (2) 12 Cyc. 807, 879.   As to whether the appeal of an escaped prisoner will be considered, see 44 Am. Rep. 88; 3 Ann. Cas. 512; 13 Ann. Cas. 497.