## LLOYD v. STATE OF INDIANA.

[No. 30,518. Filed June 8, 1966. Motion to dismiss granted July 6, 1966.]

*Duge Butler, Jr.,* and *Butler, Brown & Hahn,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Frederick J. Graf,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment in the court below with the crime of second degree burglary and auto banditry. The appellant was arraigned and entered a plea of not guilty to the indictment. Trial was had to the court, without the intervention of a jury. The court found the appellant not guilty on the charge of auto banditry and guilty on the charge of second degree burglary.

The record before us discloses some unusual features we feel should be discussed. This case came on for trial in the lower court on June 26, 1962. After having heard all the evidence the court found appellant guilty of Second Degree Burglary as charged in count one (1) of the indictment, that his age is 22 years, ordered pre-sentence investigation

and set sentencing for August 10, 1962, at 2:00 p.m., permitting the appellant to remain free on the present bond pending sentence.

Thereafter on July 25, 1962, appellant, by counsel, filed his timely motion for a new trial. Such motion omitting heading, formal parts and signature reads as follows:

"1) The decision of the Court is not sustained by sufficient evidence.

"2) The decision of the Court is contrary to law.

"3) Error of law occurring at the trial, as follows:

"a. The Court erred in admitting into evidence, over the objection of the Defendant, State's Exhibit # 1.

"b . The Court erred in overruling Defendant's motion at the close of the State's evidence and at the close of all of the evidence for a finding for the defendant on the charge of second degree burglary."

Thereafter on August 10, 1962, appellant appeared in person and by counsel for sentencing. The pre-sentence investigation was filed by the Probation Department. The court then sentenced appellant to the Indiana Reformatory for not less than two years nor more than five years, and overruled appellant's motion for a new trial. The court then set the appeal bond for defendant at $3,000.00, the bond was duly filed and spread of record.

Up to this time it appears from the transcript that this was an orderly and ordinary appeal in due course. The picture now changes with the filing, by appellant, in this court on January 3, 1964, a pleading denominated a "Motion for Belated Appeal." Such motion, *inter alia,* recites the following facts:

"4. On August 10, 1962, the Court overruled defendant's motion for a new trial and pronounced judgment that defendant be sentenced to the Indiana Reformatory for not less than two (2) nor more than five (5) years. That thereafter, and on or about the first of October, 1962, the defendant left the jurisdiction of the Court.

"5. Sentencing having been set by the Court, the Honorable Herbert Backer, Special Judge presiding, set December 6, 1962, for sentencing. On that date, the defendant herein

was called three (3) times, his appeal bond forfeited and his re-arrest ordered.

"6. Defendant, during the time he was absent from this jurisdiction, lived in California with his wife, two (2) minor children, his wife who was to become pregnant and have their third (3rd) child in December, 1963.

"7. That on or about November 18, 1963, at approximately one (1) year after having left the jurisdiction of the Court, this defendant surrendered himself to the Sheriff of Marion County.

"8. That this defendant, by his then counsel, did all things except file the transcript of record by way of perfecting an appeal.

"9. That all steps toward perfecting his appeal for this Honorable Court were taken prior to his leaving the jurisdiction and thereby becoming a fugitive.

"10. This defendant believes he has a meritorious cause for appeal and prays that this Court exercise its discretion and grant leave for filing this belated appeal so that substantial justice can be given this defendant.

"WHEREFORE, the defendant prays that this Court grant this petition, ordering the Clerk of this court to accept the transcript of record within thirty (30) days from date and that defendant's appeal be reinstated in accordance with the law and rules of this court."

The record in this court in pertinent part is as follows:

"1964, Jan. 3 Appellant's motion for Belated Appeal (5) Certified copy of Motion for New Trial (1) Certified copy of Motion to set amount of appeal bond (1) Certified copy of sentencing setting appeal bond. Motion for new trial overruled (1)

"1964, Feb. 5 Acknowledgment of Service (2)

"1964, Feb. 6 Appellant's petition for extension of time to file Belated Appeal granted to and including March 9, 1964. Landis, C. J.

"1964, Mar. 9 Appellant's petition for extension of time for filing Transcript and Assignment of Errors (2) Acknowledgment of Service (1)" (Note stamp on back of this petition indicates this is second petition for extension of time)

"1964, Mar. 10 Appellant's 2nd petition for extension of time to file Transcript and Assignment of Errors granted to and including May 8, 1964. Landis, C. J.

"1964, May 8 Transcript and Assignment of Errors submitted under Rule 2-14."

We set out the record with the particularity here shown for the reason that a reading of appellant's brief would indicate that in all respects this is a regular appeal, even the answer brief of the Attorney General makes only casual reference indicating otherwise. Page one of the answer brief under "NATURE OF THE ACTION" reads as follows:

"Appellant's statement of the Nature of the Action is incomplete. It does not show the fact that this appeal is a *belated* one granted pursuant to an order dated February 6, 1964, issued by the Clerk of this Court."

Again on page 17 of its answer brief the Attorney General prays "WHEREFORE, Appellee prays that this *belated* appeal of a 'twice fleeing' Appellant be dismissed, or, in the alternative, that the judgment of the lower court be affirmed."

We point out that appellant's original motion for new trial was timely filed, his appeal bond was fixed and appellant was represented by counsel. At this stage in the proceedings appellant, voluntarily fled the jurisdiction of the court, forfeiting his appeal bond and abandoning his appeal in this court. That appellant elected to remain outside the jurisdiction of this court while permitting the time within which to file his transcript and assignment of errors to expire, can, must be and is considered by the court to be his voluntary, deliberate and intentional act for which he is solely responsible and for which he must suffer the consequences.

Belated appeals may be granted only for good cause shown.

"If a different rule prevailed every prisoner could prosecute a delayed appeal without cause or merit." *State ex rel. Casey* v. *Murray* (1952), 231 Ind. 74, 106 N. E. 2d 911; *Kirkland* v. *State* (1956), 235 Ind. 450, 134 N. E. 2d 223.

In the case at bar appellant has totally failed to show any cause why he should be entitled to a belated appeal.

In *Irvin* v. *State* (1957), 236 Ind. 384, 139 N. E. 2d 898, the defendant escaped jail and fled the jurisdiction of the court pending his motion for a new trial and also pending his right to appeal. Thereafter, when he was re-arrested, he complained of his denial of a motion for a new trial and the court's refusal to consider his appeal based upon error alleged therein. We there reviewed the rights of a defendant who flees the jurisdiction of the court and still asks for relief therein while defying the court's authority over him. The Court said:

> "Courts should not so coddle those who are defiant of its authority and the law, and who yet ask for its relief, that it is blinded to such inconsistencies." *Irvin* v. *State* (1957), 236 Ind. 384, 390, 139 N. E. 2d 898.

It is argued that the Attorney General did not oppose the motion for a belated appeal. However, the Court stated in the *Irvin* case, *supra,* at page 390,

> "The failure of the prosecuting attorney to object to the filing of the motion for a new trial while the appellant was a fugitive cannot supply the authority his counsel needed to represent him at the time he abandoned them, and the jurisdiction of the court. Furthermore, this is a matter which vitally affects the court's authority and judicial processes—a matter of public, not private concern. It was contempt of the court as well as a law violation. Such matters are not subject to waiver by either party to the action. It is a matter that lies with the courts in enforcing their authority."

It is well established by authorities cited in the above case that defendant waives all right for consideration from the court during the time he has escaped and defies its jurisdiction. We therefore find that in this case the appellant permitted his time for appeal to run out while he remained outside the jurisdiction of the court and had fled from its authority and while a warrant for his re-arrest was pending against him. The fault and blame for the expiration of the time within which he could file an appeal lies solely upon the defendant and appellant here. It was through his

actions that the time expired without the appeal being perfected.

We therefore find that the motion granting a belated appeal herein was improvidently granted and the motion should have been denied. This Court now vacates its order granting a belated appeal and now denies such motion.

Rakestraw, C. J., Arterburn and Myers, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 217 N. E. 2d 613.