ARTHUR JAMES LEWIS *v.* STATE OF INDIANA.

[No. 477S293.  Filed May 15, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiana, *Susan K. Carpenter,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Kenneth R. Stamm,* Deputy Attorney General, for appellee.

PRENTICE, J.—This is an appeal from the denial of the defendant's (appellant's) petition for relief under Post Conviction Rule 1.  It presents two issues:

(1)  Is the period allowed for perfecting an appeal in a criminal case tolled by the escape of the defendant from custody?  Alternatively, is a convicted defendant whose appeal time expired during the period of his escape and absence from the jurisdiction of the court entitled to a belated appeal?

(2)  Did the trial court err in summarily denying relief upon the grounds alleged in the post conviction petition which were re-allegations of the errors alleged in the original motion for a new trial?

This tedious and confusing state of affairs arises from repeated efforts of the defendant to obtain a belated appeal through our post conviction rules. We have previously denied him a belated appeal, but no opinion was written which may, in part, account for the same issue then decided being again before us.

Defendant was convicted of murder in the second degree upon overwhelming evidence that he killed the Sheriff of Pulaski County who was attempting to thwart his escape from jail. Following the denial of the defendant's motion to correct errors, which had been filed by counsel, the defendant, on November 18th, 1968, filed a *pro se* motion for the appointment of appellate counsel and for a transcript of the trial proceedings. On the same day, he proceeded with "self-help" by escaping from the Indiana State Prison where he had been incarcerated, not to be returned to custody until May 31, 1969. On November 27, 1968, the trial court dismissed the aforementioned motion upon the grounds of the defendant's escape.

It is the defendant's contention that the dismissal of his motion for a transcript and for counsel denied him a direct appeal. We hold that without regard to the correctness of the order of dismissal, such did not occasion the denial of the right to a direct appeal but rather, that such right was forfeited by the defendant's failure to exercise it within the time limits set by the rules of this Court then in effect.

In passing upon this issue, we have reviewed the aforementioned petition for permission to file a belated appeal and the supporting brief, as well as the defendant's brief filed herein; and we find the authorities cited by the defendant to be unsupportive of his position.

It has been held upon at least two occasions by this Court that when an appellant in a criminal case absents himself from the custody of the state and from its jurisdiction and becomes a fugitive from justice, he cannot prosecute his appeal. *Doren* v. *State,* (1914) 181

Ind. 314, 104 N.E. 500; *Sargent* v. *State*, (1884) 96 Ind. 63. In the *Sargent* case, we quoted from *Smith* v. *United States*, 94 U.S. 97, as follows: "If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case." 96 Ind. at 66.

The defendant was not entitled to have his motion ruled upon while he was a fugitive; but had the court sustained it, rather than dismissed it, the appeal could not have been perfected during his absence, which continued until after the expiration of the time limited by our rules.

The defendant attaches some significance to a misconceived notion that his motion was dismissed only three days prior to the expiration of the time allowed for the filing of a praecipe for the record, and he urges that the motion was, in substance such a praecipe. Even if he were correct, the escape, nevertheless, was his own voluntary act. We point out, however, that at the time under consideration, our Appellate Rule 2(A) had not been adopted, and appeals were not then initiated by the filing of a praecipe for the record. The defendant under Rule 2-2 then operative, had ninety (90) days from the ruling upon the motion for a new trial in which to file his assignment of errors and transcript with this Court. Extensions of such time and belated appeals were also provided for under appropriate circumstances, which did not include the revival of rights lost by voluntary acts.

In *Lloyd* v. *State*, (1966) 247 Ind. 499, 217 N.E.2d 43, we held that belated appeals could be granted only for good cause shown, which did not include the expiration of the time allowed while the would-be appellant was a fugitive from the custody and jurisdiction of the court.

Subsequent to the determination of the *Lloyd* case, we adopted our post conviction rules. In so doing, we were not

unmindful of our prior holdings. Post Conviction Rule 2 was drafted to provide for belated motions to correct errors and for belated appeals. In each case we excluded from the purview of the rule those whose failure to proceed at the proper time was due to their own fault. [Rules PC 2, § 1(b) and PC 2, § 2(b)].

In *State ex rel. Ruetz* v. *LaGrange Circuit Court,* (1972) 258 Ind. 354, 281 N.E.2d 106, we held that a defendant who escaped following sentencing but whose lawyer later filed a timely motion to correct errors, was not entitled to an appeal inasmuch as he was not within the jurisdiction of the court at the time the motion was filed and the time allowed for filing such motion had expired prior to his return to custody. Thereafter, in *Ruetz* v. *Lash,* (1974) 500 F.2d 1225, the United States Court of Appeals, Seventh Circuit, directed a district court to issue an appropriate order discharging Ruetz from the custody of the Warden of the Indiana State Prison, unless the State provided him with an appeal on the merits of his case. The Court of Appeals reasoned that Ruetz had filed a timely motion to correct errors, a requisite to filing an appeal, but no action had been taken upon the motion until he had been returned to the jurisdiction of the court and that only then was his request for an appeal denied. It was Ruetz's return before the expiration of the appeal rights that distinguished his case from the many cases cited in the opinion and holding that it was not a denial of due process to dismiss an appeal upon the ground that the appellant had escaped and was a fugitive. We do not view *Ruetz* v. *Lash, supra,* as requiring us to grant special dispensation to those who, by their voluntary acts, fail to meet the time limitations of the procedures that have been designed for uniform application.

In his brief filed with his petition for a belated appeal, the defendant has said: "Petitioner is not claiming an appeal as a matter of right, but on the same basis as any other petitioner or the privilege of a belated appeal." But he is not seeking a belated appeal on the same basis as any other peti-

tioner. His petition was and is denied because he cannot meet the criteria of being without fault.

## ISSUE II

Certain of the errors complained of in the petition for post conviction relief, the denial of which is the basis for this appeal, were those same errors alleged in the original motion for a new trial. Defendant asserts:

"Defendant has sought to obtain appellate review of his conviction for the past nine (9) years. It is inarguable that Post-Conviction Relief Rule 1 is not the appropriate route for such review:

" 'This remedy is not a substitute for a direct appeal from the conviction and all available steps including those under Rule PC2 should be taken to perfect such an appeal * * *'

"Post-Conviction Relief Rule 1, Section 1(b)

"Nevertheless, Defendant Lewis submits that summary denial of the allegations in his Post-Conviction Relief Petition, based on errors alleged in the original Motion for a New Trial, is error in that no meaningful review of these alleged errors has ever been provided."

As best we can determine, it is the defendant's position that since the errors assigned in the motion for a new trial have never been reviewed on appeal and can never be reviewed on appeal, unless the trial court reconsiders them in the post conviction proceedings, it was incumbent upon it to do so. Although Rule PC 1 requires one first to perfect an appeal under PC 2, it does not follow that the denial or unavailability of a direct appeal under Rule 2 qualifies him to have a second ruling upon his motion to correct errors. It is not correct that a defendant's conviction must be reviewed on appeal in any event, but only that it must be reviewed if the procedures prescribed for all would-be-appellants are substantially complied with or that the failure of such compliance is excusable.

We find no error. The judgment of the trial court is affirmed.

Givan, C.J. and Hunter and Pivarnik, JJ., concur; De-Bruler, J., concurs and dissents with opinion.

### CONCURRING AND DISSENTING OPINION

DEBRULER, J.—This Court by order dated November 17, 1970, denied a petition filed by Lewis for permission to file a belated direct appeal of his conviction for second degree murder which had been rendered previously thereto on September 8, 1968. By that petition Lewis sought to be relieved of his procedural default in failing to file his record for appeal within the time limit set by our appellate rules. He had escaped custody following the denial of his motion to correct errors and was not captured and returned to custody until after the time had expired for initiating the appeal. I would affirm the judgment of the trial court here, but treat the residuum of the appeal as an original petition addressed to our inherent power to rehear the petition for permission to file a belated appeal.

Lewis wants a first, direct and simple appeal. He is presently in the state prison serving a life sentence. He was there in Novmber, 1970, when this Court denied his request for a belated appeal. It is true that our rules of court afforded him an opportunity to appeal his conviction and he did not avail himself of that opportunity. Given the circumstances of this case and for the foregoing reasons, I would grant a belated appeal because it is fair and just to do so, because it will benefit the court system and the prison system, and because to do so would not seriously impinge upon the interest underlying the rule requiring the filing of records of proceedings within ninety days.

NOTE.—Reported at 375 N.E.2d 1102.