John Michael MASON, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 1181S330.

Supreme Court of Indiana.

Sept. 30, 1982.

Merle B. Rose, Cronin & Rose, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, John Michael Mason, was convicted of burglary, two counts of rape, criminal deviate conduct, and robbery, and was sentenced to a term of forty years' imprisonment on September 8, 1981. He expressly told the trial court at that time that he desired to initiate an appeal and pauper counsel was appointed for him. Subsequently, in January of 1982, defendant was transported to Kay County, Oklahoma pursuant to the Uniform Agreement on Detainers to be tried on charges in that

state. His appeal on the instant charges was timely perfected in March, 1982.

However, on April 22, 1982, defendant escaped from the Oklahoma jail and was later arrested in Texas. He is now being held in Houston, Texas pursuant to other charges. Pending our consideration of defendant's appeal, the state has filed a motion to dismiss the appeal and affirm the conviction.

■ It is well settled in this state that where the defendant in a criminal case escapes from lawful custody he is not entitled during the period he is a fugitive to prosecute his appeal. *Lewis v. State,* (1978) 268 Ind. 398, 375 N.E.2d 1102; *Irvin v. State,* (1957) 236 Ind. 384, 139 N.E.2d 898, *cert. denied,* (1957) 353 U.S. 948, 77 S.Ct. 827, 1 L.Ed.2d 857; *Kirkman v. State,* (1953) 232 Ind. 563, 114 N.E.2d 878; *Doren v. State,* (1914) 181 Ind. 314, 104 N.E. 500; *Sargent v. State,* (1884) 96 Ind. 63. The reason for this rule was explained by the Court in *Sargent v. State, supra* :

"[W]e are convinced that it is no part of our duty, as an appellate court, to entertain the appeal of the defendant, Sargent, in this case, and review the decision and orders or rulings, of which he complains, while he is at large as an escaped convict. In the language of Chief Justice WAITE, in *Smith v. United States,* 94 U.S. 97 [24 L.Ed. 32] we may say, in the case in hand, of the defendant, Sargent: 'If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case.'" *Id.* 96 Ind. at 66.

■ This rule regarding attempted appeals by fugitives has been uniformly followed in cases decided by the United States Supreme Court and the federal courts of appeals. In fact, it has been determined by the United States Supreme Court that a defendant is not denied due process when a state court dismisses an appeal on the ground that the appellant has escaped and

become a fugitive from justice. *National Union of Marine Cooks and Stewards v. Arnold,* (1954) 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46; *Allen v. Georgia,* (1897) 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949. *See also Molinaro v. New Jersey,* (1970) 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586, and cases cited therein. The federal courts of appeals often tentatively dismiss the appeal and give the defendant thirty days in which to return to custody and make himself subject to the judgment of the court. The dismissal becomes final if the defendant has not returned to the jurisdiction of the court within the allotted time. *Van Blaricom v. Forscht,* (5th Cir. 1974) 490 F.2d 461; *United States v. Swigart,* (10th Cir. 1973) 490 F.2d 914; *United States v. Tremont,* (1st Cir. 1971) 438 F.2d 1202. However, this Court has always chosen to give final dismissals rather than tentative dismissals.

■ In *Kirkman v. State, supra,* this Court determined that a criminal defendant who was incarcerated in another state was *not* subject to the jurisdiction of the courts of this state for the purposes of determining his appeal. In dismissing Kirkman's appeal, we stated:

"Pending appeal, appellant escaped from the Indiana Reformatory and subsequently absented himself from this State. It appears that he is now in custody of law enforcement officers of another State, being charged with the commission of new crimes and offenses allegedly committed subsequent to his escape here.

"Where the appellant in a criminal case absents himself from the custody of the State and from its jurisdiction, and becomes a fugitive from justice, he cannot prosecute his appeal. *Doren v. State* (1914), 181 Ind. 314, 104 N.E. 500.

"The mere fact that he has been captured and is held in another State cannot alter the above rule." *Kirkman v. State, supra,* 232 Ind. at 563, 114 N.E.2d at 878.

This holding is binding upon us in the instant case.

■ However, we also note that it is well settled that our dismissal in this and

similar cases is *not* based upon the defendant's waiver of his right to appeal. The act of escape, by itself, is not proof of defendant's voluntary and knowing relinquishment of his statutory right to appeal. *Ruetz v. Lash,* (7th Cir. 1974) 500 F.2d 1225 overruling *State ex rel. Ruetz v. LaGrange Circuit Court,* (1972) 258 Ind. 354, 281 N.E.2d 106 (DeBruler, J., dissenting). Furthermore, dismissal of appeals under these circumstances is not based upon any theory of additional punishment for a defendant who has escaped lawful custody. The state's proper remedy for that unlawful action is a separate criminal prosecution for the act of escape.

Defendant argues in his response to the state's motion to dismiss that all efforts and expenditures in this case have already been made and that these same expenditures will be incurred once again if the present appeal is dismissed and defendant is returned at a later time to this jurisdiction to secure a belated appeal. While there is some validity to this contention, it is not a sufficient reason to overrule our case precedent. Belated appeals and post-conviction remedies are always costly under whatever circumstances they arise.

Our action in dismissing this appeal is based upon our inherent discretion to refuse to decide what, at this point of time, is a moot case. For all of the foregoing reasons, the state's motion to dismiss the appeal is granted.

Appeal dismissed and conviction affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.