**Estill PRATER, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1282S509.

Supreme Court of Indiana.

Feb. 10, 1984.

Susan K. Carpenter, Public Defender, Joseph Oddo, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard E. Hagenmaier, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Estill Prater, was convicted by a jury of rape, criminal deviate conduct, and of being a habitual offender on December 19, 1978. He was sentenced to a term of imprisonment of sixty years on January 15, 1979, and told the trial court that he desired to initiate an appeal. His motion to correct errors was timely filed on March 16, 1979, but on April 6, 1979, the sheriff of DeKalb County informed the court that defendant had escaped and his whereabouts were unknown. Subsequently, on April 11, 1979, at the scheduled hearing on defendant's motion to correct errors, the trial court granted the state's motion to dismiss on the grounds that defendant had deliberately removed himself from the jur-

isdiction of the court and therefore had no standing to appeal. Defendant was recaptured and returned to jail in Indiana approximately two years later on July 29, 1981.

Then on June 3, 1982, defendant filed his verified petition for permission to file a belated appeal pursuant to Post-Conviction Rule 2, Section 1. The trial court notified both parties that if either side wished to present oral arguments on the petition they should notify the court in writing on or before June 30, 1982. The state filed a written response to defendant's motion but neither party requested oral argument. Thereafter, the trial court denied the petition for a belated appeal on July 6, 1982, with the following pertinent findings:

"That the Defendant knew when he escaped that there had been no ruling upon his Motion to Correct Errors and he further knew that he had a right to be present for the hearing upon the Motion to Correct Errors since he was still being held in the Steuben County Jail for his counsel to converse with him in preparation for the hearing on the Motion to Correct Errors and the Appeal.

"The Court finds that the Defendant herein had failed to give any reason why he should have permission to file a belated appeal. The Court finds that the Defendant has further failed to give any justifiable reason why he should be entitled to refile the Motion to Correct Errors. Under the circumstances, the Defendant's Verified Petition is overruled and denied."

Defendant now contends that the trial court erred in denying his petition for belated appeal because he did not knowingly, intelligently, and voluntarily waive his right to a direct appeal of his original convictions and it was not his fault that the original motion to correct errors was not ruled upon. While it is true that we have held that the act of escape, by itself, is not proof of a defendant's knowing and voluntary waiver of his right to appeal, we have also held that the act of escape *is* a voluntary act of defendant which may prevent

him from meeting the criteria of being without fault. *Lewis v. State*, (1978) 268 Ind. 398, 375 N.E.2d 1102.

We first note that there are basically two types of cases involving the escape of a defendant. In one type of case, a defendant who has escaped remains a fugitive, or remains outside of the state, or is incarcerated in another state. In all of those situations, this Court has found that the defendant was *not* subject to the jurisdiction of the courts of this state for purposes of determining his appeal and attempted appeals are dismissed. *Mason v. State*, (1982) Ind., 440 N.E.2d 457; *Irvin v. State*, (1957) 236 Ind. 384, 139 N.E.2d 898, *cert. denied*, (1957) 353 U.S. 948, 77 S.Ct. 827, 1 L.Ed.2d 857; *Kirkman v. State*, (1953) 232 Ind. 563, 114 N.E.2d 878; *Doren v. State*, (1914) 181 Ind. 314, 104 N.E. 500; *Sargent v. State*, (1884) 96 Ind. 63.

▉ In the other type of escape case, the defendant who has escaped is recaptured and is again incarcerated in this state. When the defendant is recaptured *before* the time limits for bringing his appeal have expired, the trial court has jurisdiction to hear his appeal, since the act of escape, by itself, is not proof of defendant's voluntary and knowing relinquishment of his statutory right to appeal. *Ruetz v. Lash*, (7th Cir.1974) 500 F.2d 1225.

However, when a defendant is recaptured *after* the time limits for bringing his appeal have expired, as in the instant case, we have held that our rules do not require us to provide a review on appeal in every circumstance, but only that the appeal must be reviewed "if the procedures prescribed for all would-be-appellants are substantially complied with or that the failure of such compliance is excusable." *Lewis v. State*, 268 Ind. at 402, 375 N.E.2d at 1105, (DeBruler, J., concurring and dissenting). *See Lloyd v. State*, (1966) 247 Ind. 499, 217 N.E.2d 43. We further explained in *Lewis* that the defendant's act of escape was his own voluntary act and that the circumstances under which we could grant belated appeals did not include the renewal of rights lost by voluntary acts. We distin-

guished the circumstances in *Lewis* from those in *Ruetz* in the following manner:

"It was Ruetz's return before the expiration of the appeal rights that distinguished his case from the many cases cited in the opinion and holding that it was not a denial of due process to dismiss an appeal upon the ground that the appellant had escaped and was a fugitive. We do not view *Ruetz v. Lash, supra,* as requiring us to grant special dispensation to those who, by their voluntary acts, fail to meet the time limitations of the procedures that have been designed for uniform application."

*Lewis v. State,* 268 Ind. at 401, 375 N.E.2d at 1104.

 Defendant's situation in the instant case is substantially the same as that of the defendant in *Lewis.* Here, defendant argues that he did not know that if he escaped and remained a fugitive during the time designated for perfecting his appeal he would lose his appeal rights. However, ignorance of this Court's procedural rules is not a valid reason for being granted permission to file a belated appeal in this case. The record shows that defendant did have a court-appointed attorney and it was incumbent upon defendant to work with his counsel while his appeal was being perfected. As we stated in *Lewis,* extensions of time and belated appeals are provided for under appropriate circumstances, which do not include the revival of rights lost by voluntary acts. Our holding in *Lewis* is controlling in this case and the trial court did not err in denying defendant's petition for belated appeal.

For all of the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.