Michael J. WEATHERFORD, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–8603–PC–311.

Supreme Court of Indiana.

Sept. 21, 1987.

E. Kent Moore, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal following the summary denial of appellant's petition for post-conviction relief.

The issues raised by appellant have been combined as follows: (1) whether the Honorable Vincent Grogg had jurisdiction to decide appellant's post-conviction claim; and (2) whether the issues presented in appellant's petition for post-conviction relief have been waived, consisting of four subparts: (a) whether fundamental error occurred at trial; (b) whether the Honorable Vincent Grogg erred by not specifically

identifying the alleged fundamental error in his findings; (c) whether the summary denial of appellant's petition for post-conviction relief deprived him of his right to appeal; and (d) whether uncorrected error of law occurred at trial which requires reversal of his conviction.

### I.

Appellant asserts that the appointment of Vincent Grogg as special judge was error. The charges of dealing in a controlled substance and habitual criminal were initially brought before the Honorable Robert F. Munro. A change of venue from Judge Munro was granted and he appointed a panel comprised of the Honorable Marvin D. McLaughlin, the Honorable V. Sue Shields and the Honorable Gene B. Lee.

The Honorable V. Sue Shields assumed jurisdiction; the case was tried to a hung jury; Judge Shields disqualified herself and appointed a panel consisting of the Honorable Vincent F. Grogg, the Honorable John B. Wilson, and the Honorable Thomas Wright. The Honorable John B. Wilson assumed jurisdiction, presided over the jury trial, entered judgment of conviction and sentenced appellant to five years for dealing in a controlled substance and to life on the habitual criminal count.

Appellant filed his petition for post-conviction relief with Judge Wilson and a hearing date was scheduled. The State then filed a motion for change of venue. Judge Wilson granted the motion and appointed a panel for selection of a special judge. The State then filed a motion to certify cause to the Supreme Court for naming of a special judge and thereafter Judge Wilson disqualified himself from the case and certified it to this court for special judge appointment. This court then appointed the Honorable Vincent Grogg special judge.

Appellant asserts as error the appointment of Judge Grogg as special judge, relying on Ind.R.T.P. 79(11):

"Any regular judge of a circuit, superior, criminal, probate or juvenile court and any member of the bar in this state shall be eligible for appointment in any of such courts as a special judge in any case

pending in which he has not sat as judge or been named on a previous panel...."

He asserts that since Judge Grogg had been named on a previous panel, he was ineligible to be appointed as special judge in this case.

■ Initially, we must note that while the State did ask for certification based on Ind.R.T.P. 79(6) asserting there had already been two panels appointed, this court accepted the certification pursuant to Ind. R.T.P. 79(7), based on the fact Judge Wilson had disqualified himself. The fact that two panels of judges had been appointed prior to appellant's criminal trial was irrelevant to our decision. When Judge Wilson disqualified himself, we were empowered to appoint a special judge under Ind.R.T.P. 79(7).

■ As for the premise that Judge Grogg was ineligible due to the fact he had been on a previous panel, had this been the initial trial level this position would be correct. However, a post-conviction action is not the "same case" for purposes of Ind.R. T.P. 79. As this court stated in *State ex rel Sufana v. Superior Court of Lake County* (1978), 269 Ind. 466, 381 N.E.2d 475:

"An Ind.R.P.C. 1 hearing is a quasi-civil hearing totally separate and distinct from the original criminal trial.... The rule provides that the proceeding under Ind.R.P.C. 1 is commenced by the filing of a petition, provides for the manner in which the action will be pleaded as well as the manner in which it will be answered by the State of Indiana, provides for a right in the petitioner for a change of venue from the judge, and provides for an appeal from the final judgment in the proceedings under rules applicable to civil actions. The Ind.R.P.C. 1 action is obviously then, by its very nature, an action brought after final judgment has been entered in the original cause, when either rulings have been entered by one or both of the appellate courts, or when time for such appeals has passed."

Consequently, the fact that Judge Grogg had been named on a panel in the original

criminal case does not preclude him from being named on a panel or appointed by this court as special judge in this postconviction action.

## II.

Following appellant's conviction, a timely motion to correct errors was filed and denied by the trial court. Appellant then proceeded with the appropriate steps to perfect a direct appeal. Following the filing of the record but prior to a brief being filed, appellant requested and received leave from this court to proceed in post-conviction proceedings. The direct appeal was terminated, but leave was granted to reinstate the direct appeal if post-conviction proceedings were unsuccessful.

Appellant, who was free on a $50,000.00 appellate bond, then became a fugitive. Judge Wilson dismissed the post-conviction action due to appellant's status and ordered the appeal bond forfeited. As a result, counsel for appellant filed a motion to correct error, which was denied, and instituted an appeal of Judge Wilson's action. Upon receiving a petition for extension of time within which to file transcript and a petition to incorporate the post-conviction transcript into the direct appeal, this court found appellant had failed to timely file the transcript and entered a fugitive status. Consequently, this court ordered dismissal of appellant's appeal.

Following appellant's capture and incarceration, the postconviction action before us was filed. As related previously, Judge Vincent Grogg was appointed special judge in this case. Judge Grogg summarily denied appellant's petition for post-conviction relief. In his order summarily denying petition for post-conviction relief and findings in support thereof, Judge Grogg determined that all of the issues raised in the post-conviction petition had been raised in the original motion to correct errors. Appellant also makes the same statement in the post-conviction petition. Since the record before us does not contain the original motion to correct errors, we must rely on the statement of Judge Grogg and appellant that all of the issues asserted in the petition for post-conviction relief were also included in the original motion to correct error.

Appellant asserts: (a) that fundamental error occurred at his trial; (b) that Judge Grogg did not identify this issue in his findings in support of summary denial; (c) that summary denial deprives him of his right to appeal; and (d) that uncorrected error of law occurred at trial.

■ (a) A conviction from White Circuit court was used to support the habitual criminal portion of the proceedings. Appellant contends that this conviction was based upon a non-counselled waiver of jurisdiction from juvenile court and an uncounselled guilty plea, constituting fundamental error which should be now addressed. Appellant states this issue was raised in a motion to dismiss at trial, the first motion to correct error and in the post-conviction petition. *Edwards v. State* (1985), Ind., 479 N.E.2d 541 is presented as supporting this position. In *Edwards* we held that a defendant must be permitted to challenge a constitutionally infirm conviction at trial. Appellant has not shown us that he was prevented from challenging the constitutionality of the conviction. Rather he states that the issue was raised in a motion to dismiss. From the record before us, we can only assume that the trial court did not agree with appellant's assessment of the prior conviction. Further, as we also stated in *Edwards:*

> "In Indiana the general rule is that the alleged invalidity of predicate felony convictions may not be challenged during habitual offender proceedings when the prior final judgments are regular on their face. The habitual offender hearing is not the proper forum to contest the validity of these prior convictions. The proper procedure to challenge this type of predicate conviction is for the accused to set aside the predicate conviction in a direct attack through appeal or post-conviction relief in the court of conviction. However, the accused may challenge the predicate felony conviction in a habitual offender proceeding when the conviction

is constitutionally invalid." [citation omitted]

Since appellant has not shown he was prevented from challenging the prior conviction on grounds it was constitutionally infirm, and the direct challenge avenue is preferred and available to appellant, fundamental error has not been established.

■ (b) The allegation that Judge Grogg did not specifically identify the above issue in his findings was not included in the motion to correct error and is therefore waived.

(c) This court has consistently held that when an appellant becomes a fugitive from justice while his appeal is pending and remains at large, this in effect renders his appeal moot, and the dismissal of his appeal while he is a fugitive from justice is not a denial of due process, and is in accordance with Indiana law. *Prater v. State* (1984), Ind., 459 N.E.2d 39; *Mason v. State* (1982), Ind., 440 N.E.2d 457; *Lewis v. State* (1978), 268 Ind. 398, 375 N.E.2d 1102.

■ Indiana Rules of Procedure for Post-Conviction Remedies, Rule 1, § 1(b) provides that post-conviction proceedings are not a substitute for direct appeal and issues which were or could have been raised on direct appeal are not available for review in post-conviction. *Brown v. State* (1974), 261 Ind. 619, 308 N.E.2d 699. Dismissal of appellant's direct appeal did not constitute the denial of a right to a direct appeal but instead such right was effectively forfeited by defendant's failure to exercise it within the time limit set by the rules of the court. *Lewis, supra.* In dismissing appellant's direct appeal, this court found that he had failed to timely file a record of the proceedings and therefore, together with his voluntary absence from the jurisdiction of the court, he had knowingly and voluntarily relinquished his statutory right to appeal. Judge Grogg was correct in summarily denying the petition for post-conviction relief upon his finding that all of the issues presented had been included in appellant's original motion to correct error.

■ (d) The "uncorrected errors of law" which appellant alleges require reversal of his conviction were available to him at the time of his direct appeal and therefore are not available in a postconviction action.

The summary denial of appellant's petition for post-conviction relief is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.