**Robert A. EVOLGA, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 1185S477.

Supreme Court of Indiana.

Feb. 23, 1988.

Robert W. Bornholt, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Robert Evolga was convicted in a bench trial of one count of Murder, a class A felony. He was sentenced to a forty (40) year term in the Indiana Department of Corrections. Prior to his attorney's filing a Motion to Correct Errors, Evolga escaped from confinement and remained at large for approximately four and one-half (4½) years. When he was returned to this jurisdiction, Evolga filed a Motion to Correct Errors which the trial court dismissed. He also filed a Motion for Permission to File a Belated Motion for a New Trial. This too was dismissed.

On direct appeal Evolga raises the following issue: trial court error in denying both his Motion to Correct Errors, his Belated Motion to Correct Errors, and his Motion for Permission to File a Belated Motion for a New Trial.

The facts show that on April 11, 1979, Robert Evolga was convicted of murder and on June 28, 1979, he was sentenced to a forty (40) year prison term. The trial court advised Evolga of his right to appeal the conviction and sentence.

On July 16, 1979, not long after Evolga was sentenced, he escaped from the Lake County Jail and he was a fugitive from the jurisdiction of the court until he was located in Florida and returned to the Lake County Jail on February 16, 1984. While he was a fugitive from the jurisdiction of the court, his court-appointed counsel filed a motion to correct errors on his behalf. Evolga's motion to correct errors was subsequently denied on August 31, 1979, and a praecipe was then filed. At this point the State moved to stay Evolga's appeal and to dismiss the motion to correct errors. On

October 3, 1979, the trial court ruled that Evolga had been an escaped fugitive when the ruling on the motion to correct errors had been made. The court expunged its order of August 31, 1979, and stayed further proceedings until Evolga was apprehended.

On March 23, 1984, after Evolga's return to this jurisdiction, the State filed its Verified Motion to Permanently Stay the Appeal and Dismiss Evolga's Motion to Correct Errors. The Motion to Stay the Appeal was granted following a hearing on May 17, 1984. On May 18, 1984, Evolga filed his Motion for Permission to File Belated Motion for a New Trial. This motion was denied following a hearing.

The situation at hand became somewhat confusing and convoluted because there were several different defense and prosecuting attorneys involved, as well as two different judges, all making motions and rulings over a long period of time. Despite this, the underlying question is clear: did Robert Evolga, by escaping and remaining fugitive from the court's jurisdiction for over four (4) years, waive his right to appeal?

\*　　\*　　\*　　\*　　\*　　\*

■ Evolga asserts the trial court erred in granting the State's motion to permanently stay his appeal, in dismissing his Motion to Correct Errors, in dismissing his Belated Motion to Correct Errors and in denying his request for a Belated Motion for a New Trial. Evolga correctly states that the Indiana Constitution provides for the absolute right to appellate review. A defendant may take an appeal to the Indiana Supreme Court or the Court of Appeals as a matter of right, from any judgment in a criminal action against him, in the manner prescribed by law. In that appeal, the court's decision or intermediate order made in the progress of the case may be reviewed. *Blackmon v. State* (1983), Ind., 450 N.E.2d 104, 107. There are certain circumstances however, where a defendant may waive the right to an appeal. *Gallagher v. State* (1980), 274 Ind. 235, 410 N.E.2d 1290, 1292. Waiver is defined as being an intentional relinquishment or

abandonment of a known right or privilege. *Johnson v. Zerbst* (1938), 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Therefore, to forfeit the right to appeal, the defendant must make a knowing, voluntary, and intelligent waiver. *Gallagher*, 410 N.E.2d at 1292. The central question in this case then becomes whether Evolga made such a waiver of his rights.

It is well settled in Indiana that when a defendant in a criminal case escapes from lawful custody, he is not entitled during the period he remains a fugitive to prosecute his appeal. *Mason v. State* (1982), Ind., 440 N.E.2d 457, 458. The reason for the rule has been stated many times; it is that if we affirm the judgment against the escapee, he is not likely to return and submit to his sentence. If we reverse it and order a new trial, his decision as to whether or not to return would depend on whichever course he considers most beneficial to himself. Under these circumstances, we are not inclined to hear and decide what may prove to be a moot case. *Id.* citing *Sargent v. State* (1884), 96 Ind. 63, and *Smith v. United States* (1876), 94 U.S. (4 Otto) 97, 24 L.Ed. 32.

However, it is also well settled that the act of escape, by itself, is not proof of a defendant's knowing and voluntary relinquishment of the statutory right to appeal. *Id.* Seemingly then, there is a question of whether a defendant knowingly, voluntarily, and intelligently waives his right to appeal merely by escaping. In *Prater v. State* (1984), Ind., 459 N.E.2d 39, the defendant appealed the denial of his verified petition for permission to file a belated appeal pursuant to Post–Conviction Rule 2, Section 1. Like Evolga, he contended he did not make a knowing, voluntary, and intelligent waiver of his right to appeal. We stated there that the act of escape, while not proof of knowledge, is a voluntary act which may prevent him from meeting the criteria necessary in a PC 2 appeal; that is, a showing the defendant had no fault in delaying the appeal. *Id.* at 40. We also noted the two types of cases involving a defendant's escape. Evolga falls into the second category of a recaptured escapee

returned to the original jurisdiction from which he escaped. Evolga, like Prater, was recaptured after the time limits for perfecting his appeal had run. Our rules do not require us to provide an appeal in every circumstance, but the appeal must be reviewed if procedures prescribed for all would-be appellants are substantially complied with or the failure to do so is excusable. *Id.* citing *Lewis v. State* (1978), 268 Ind. 398, 402, 375 N.E.2d 1102, 1105. The act of escape is the defendant's own voluntary act, and circumstances under which we grant belated appeals do not include rights lost by voluntary acts. In other words, the act of escape in and of itself is not proof of a knowing relinquishment, but the act of escape is the cause of the absence from the jurisdiction while the time to appeal has tolled. Under these circumstances, it is the continued absence which causes the defendant to forego his right to appeal. Clearly, after four and one-half years have passed, Evolga has lost this right.

Furthermore, as previously stated, a request for a belated motion to correct errors requires the defendant to show he had no fault in delaying the motion. Evolga has made no such showing except to state the judge should have warned him he would forego his right to appeal if he escaped. This argument is completely without merit; there is no rule of law which requires such a warning. The record shows Evolga was properly and completely advised of his rights. Ignorance of the court's procedural rules is not a valid reason for being granted permission to file a belated appeal. *Prater*, 459 N.E. 2d at 41. The court committed no error in denying Evolga's requests for an appeal.

Evolga also asserts his constitutional rights against being punished twice for the same offense were violated when the court denied his motion to correct errors, and charged him with the crime of escape. The dismissal of appeals under the circumstances of this case is not based on any theory of additional punishment for a defendant who has escaped lawful custody. *Mason*, 440 N.E.2d at 459. The State has

properly charged Evolga with the separate crime of escape, for which Evolga will be, or has already been, separately tried. There is no error here.

The trial court is affirmed.

DeBRULER, GIVAN and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in result without separate opinion.