# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Apr 19 2012, 9:12 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

LINDA G. DARBY,              )
                            )
   Appellant-Defendant,     )
                            )
          vs.         )    No.  45A04-1106-CR-318
                            )
STATE OF INDIANA,           )
                            )
   Appellee-Plaintiff.      )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No.  45G01-7003-MR-41743

**April 19, 2012**

**OPINION – FOR PUBLICATION**

**DARDEN, Judge**

## STATEMENT OF THE CASE

Linda G. Darby appeals the trial court's denial of her petition to file a belated notice of appeal.

We affirm.

## ISSUE

Whether the trial court abused its discretion in denying Darby's petition.

## FACTS

On September 24, 1970, a jury convicted Darby of murdering her husband, and on October 1, 1970, the trial court sentenced Darby to life imprisonment. On November 28, 1970, Darby filed a motion to correct error, which the trial court denied on August 4, 1971. Subsequently, the trial court granted Darby's request that it appoint appellate counsel; however, no appeal was filed.

Darby escaped from prison on March 13, 1972, and she was a fugitive for over thirty-five years until she was captured in Tennessee and returned to the Department of Correction on October 19, 2007. On June 15, 2011, almost four years after her recommitment to the Department of Correction, Darby filed a petition to file a belated notice of appeal. On June 30, 2011, the trial court denied her petition without a hearing.

## DECISION

Darby contends that the trial court erred in denying her petition to file a belated notice of appeal. She emphasizes that she has a constitutional right to an appeal, a right that she claims was not relinquished by her act of fleeing the state.

Although criminal defendants have a state constitutional right to appeal their convictions, such a right is not absolute, and it may be waived by failure to timely file the appropriate documentation. *Evolga v. State*, 519 N.E.2d 532, 533 (Ind. 1988). Whether the documentation is a praecipe, as required by Indiana Appellate Rule 2 at the time the trial court denied Darby's motion to correct error, or a Notice of Appeal, as required by current Indiana Appellate Rule 9(A), a filing that is not made within thirty days results in forfeiture of the right to appeal. However, under Indiana Post-Conviction Rule 2(1)(a):

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if:
>
> (1)    the defendant failed to file a timely notice of appeal;
>
> (2)    the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3)    the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

In general, the decision of whether to grant a petition for permission to file a belated notice of appeal is a matter within the discretion of the trial court. *George v. State*, 862 N.E.2d 260, 264 (Ind. Ct. App. 2006), *trans. denied*. We defer to the trial court's discretion because, when the trial court holds a hearing, it is generally in a better position to weigh evidence and judge witness credibility. *Cruite v. State*, 853 N.E.2d 487, 489 (Ind. Ct. App. 2006), *trans. denied*. However, when the trial court does not conduct a hearing on the petition, "the only basis for decision is the paper record attached to or within the petition." *Id.* at 489-90. Therefore, because we are reviewing the same

3

information that was available to the trial court, we owe no deference to its findings, and we review the decision *de novo*. *Id*. at 490. Here, the trial court did not hold a hearing on Darby's petition; therefore, our review is *de novo*.

Darby correctly states that the Indiana Constitution provides the right to appellate review. *See Evolga*, 519 N.E.2d at 533. A defendant may take an appeal to the appropriate appellate court "as a matter of right, from any judgment in a criminal action against [her], in the manner prescribed by law." *Id*. However, each case must be decided on its own facts, and a defendant must be without fault in the delay of filing the notice of appeal. *Cruite,* 853 N.E.2d at 489.

Darby was a fugitive well after the thirty-day period in which she was required to file the documentation for appeal. Under this circumstance, our supreme court has held that a trial court acts properly in denying a defendant's petition for a belated appeal. *See Evolga*, 519 N.E.2d at 534; *Prater v. State*, 459 N.E.2d 39, 41 (Ind. 1984). "The act of escape . . . is a voluntary act which may prevent [the defendant] from meeting the criteria necessary in a PC 2 appeal; that is, a showing [that] the defendant had no fault in delaying the appeal." *Evolga*, 519 N.E.2d at 534 (citing *Prater*, 459 N.E.2d at 40). As our supreme court has stated:

> While it is true that we have held that the act of escape, by itself, is not proof of a defendant's knowing and voluntary waiver of his right to appeal, we have also held that the act of escape is a voluntary act of defendant which may prevent [her] from meeting the criteria of being without fault . . . [T]he defendant's act of escape was [her] own voluntary act and . . . the circumstances under which we could grant belated appeals [does] not include the renewal of rights lost by voluntary acts.

4

*Prater*, 459 N.E.2d at 40 (citing *Lewis v. State*, 268 Ind. 398, 375 N.E.2d 1102 (1978)).

Darby recognizes these principles, but she argues that her case is distinguishable from *Evolga* and *Prater*. First, she states that her motion to correct errors filed in 1970 was "the vehicle that preserved Darby's right to appeal." (Darby's Br. at 8). Second, she notes that "it was Darby who petitioned the court for the appointment of pauper counsel and the court granted the request." *Id.* She reasons that "[t]here is nothing in the record to support the conclusion that Darby's counsel elected not to proceed based upon Darby's act of fleeing the jurisdiction, nor does the record reflect that counsel sought leave to withdraw as counsel or petition for an order terminating Darby's appeal." *Id.* Hence, Darby reasons that her escape did not preclude initiation of the appeal.

We disagree that the circumstances of Darby's case distinguish it from *Evolga* or *Prater*. As we stated in *Evolga*, "it is well settled in Indiana that when a defendant in a criminal case escapes from lawful custody, [she] is not entitled during the period [she] remains a fugitive to prosecute [her] appeal." 519 N.E.2d at 534. In short, Darby's counsel was prevented from pursuing Darby's appeal by her willful act of fleeing the jurisdiction.[1]

---

[1] Darby and the State appear to agree that Darby escaped on or about March 13, 1972, and appellate counsel was appointed by the trial court on or about March 14, 1972. (*See* Darby's Br. at 5; State's Br. at 1). Nonetheless, Darby asserts that her appellate counsel told her that the appeal had been filed and denied.

Notwithstanding Darby's belief, it was virtually impossible for appellate counsel, who had been appointed at approximately the same time Darby escaped, to have filed and obtained a decision from an appellate court before Darby's escape. We again emphasize that Darby's escape prevented appellate counsel from pursuing the appeal. Thus, it was Darby's act of escaping, not appellate counsel's omission, which prevented prosecution of her appeal. Darby should have "work[ed] with counsel while [her] appeal was being perfected." *See Prater*, 459 N.E.2d at 41.

5

Under the circumstances of this case, Darby has not shown that the failure to file a timely appeal was "not due to the fault of the defendant." As a result, we cannot find that the trial court abused its discretion when it denied her petition for a belated appeal of her conviction.

Affirmed.

BAKER, J., and BAILEY, J., concur.